DANIEL KARP ET AL. *v.* CITY OF
NEW BRITAIN ET AL.
(AC 18462)

Foti, Mihalakos and Zarella, Js.

Argued January 26—officially released April 18, 2000

*George C. Springer, Jr.*, for the appellants (plaintiffs).

*Mary Pokorski*, with whom, on the brief, were *Brendan T. Flynn* and *Lewis K. Wise*, for the appellees (defendants).

*Mark S. Baldwin*, for the appellee (substitute defendant).

*Opinion*

FOTI, J. The plaintiffs[1] appeal from the judgment of the trial court dismissing their zoning appeal. They

_____
[1] The plaintiffs are Daniel Karp and Lauriann M. Della Bernarda.

claim that the court improperly (1) dismissed their appeal for lack of compliance with General Statutes § 8-8 (e) and (2) held that § 8-8 (q) could not be invoked to reinstate the appeal. We remand the matter to the trial court for further factual findings relative to the issue of mootness.

The record and briefs disclose the following facts and procedural history. This case involves property in New Britain that the city plan commission and common council voted to rezone from an A-1 residential use to a B-2 commercial use. The purpose of the zone change was to allow the planned construction of a Target store on the site of an existing commuter parking lot. The plaintiffs are adjoining property owners who filed an appeal pursuant to § 8-8.

The plaintiffs had the summons and administrative appeal served on the town clerk of the city of New Britain. On July 31, 1997, the defendants[2] moved to dismiss the appeal on the ground that service was not made in accordance with § 8-8 (j) because the clerk or chairman of the common council for the city of New Britain was not named in the citation and was not served.[3] The court granted the defendants' motion on

[2] In addition to the named defendant, the city of New Britain, the defendants are the New Britain common council, the New Britain committee on zoning and John Cippola.

[3] The plaintiffs cited the city of New Britain, the common council for the city of New Britain, the committee on zoning for the city of New Britain and John Cippola, who had obtained the change of zone for the property adjacent to the plaintiffs. The sheriff served the city of New Britain by serving Peter DeNuzze, the town clerk. He served the committee on zoning by service on Aime Brochu, whom he described as chairman of the zoning board. He served the New Britain common council by service on Mark H. Bernacki, described as president pro tem for the city. The sheriff also served Cippola. DeNuzze also is clerk of the common council. He was cited and served only as town clerk. General Statutes § 8-8 (e) requires that service be made on the chairman or clerk of the board and the clerk of the municipality. The common council is the zoning authority for the city of New Britain.

December 22, 1997, concluding that the plaintiffs had not served the appeal in accordance with § 8-8 (e).

Thereafter, on January 9, 1998, the court provided an articulation, stating that the failure to name the chairman or clerk and the failure to serve one of them created jurisdictional defects. The plaintiffs then served and filed an amended citation and an amended appeal, which corrected the defects. Subsequently, the plaintiffs filed a petition for certification to appeal from the court's dismissal of the original appeal. We granted the petition for certification on May 6, 1998.

On February 17, 1998, the defendants moved to dismiss the amended appeal that remained pending with the trial court, claiming that § 8-8 (q) permits an amended appeal only where failure of service was due to unavoidable accident or the default or neglect of the sheriff on the service. The court granted the defendants' motion, concluding that § 8-8 could not be invoked to amend an appeal that was a nullity in the first instance. The plaintiffs filed a petition for certification, which we dismissed. The plaintiffs were directed to amend their previously certified appeal to incorporate any claims regarding the dismissal of their amended appeal.

Certain other allegations are as follows. The owner of the rezoned property transferred his interests in it to NB-BTMC, LLC (developer), which was substituted as a party in this case on September 29, 1999. Thereafter, construction of a new commuter parking lot was begun on the property as a replacement for the lot lost to the Target construction. The plaintiffs sought a cease and desist order from the New Britain zoning enforcement officer, claiming that a commuter parking lot is in contravention of the uses allowed for both A-1 and B-2 zoned properties.[4] In response, the city of New Britain notified the plaintiffs that the developer had conveyed,

---

[4] The record fails to disclose whether that action is still pending.

by quitclaim deed, its interests in the property to the city of New Britain and that under city zoning ordinance number 40-10-50,[5] property owned by the municipality is exempt from land use regulations. Therefore, the issue of mootness arises.[6]

The plaintiffs, by letter of counsel dated October 14, 1999, contend that there is no record of passage of such an ordinance and that even if such an ordinance was passed, the city of New Britain has not met the requirements set forth in the ordinance.[7] It can be argued that if the subject property is owned by the city of New Britain, and if city ordinance 40-10-50 has been properly enacted, and if the city of New Britain has fully complied with the requirements set forth in the ordinance, then the appeal may be moot because no practical relief

---

[5] Section 40-10-50 of the New Britain zoning ordinances provides: "Municipal property shall not be subject to the Use Regulations prescribed in the Zoning Ordinances.

"No action shall be taken by any Municipal Agency regarding Use of Land until and unless the general location, character and extent thereof has been submitted to the City Plan Commission for a report. The Commission shall, within a reasonable time, report its actions to the Common Council which shall have power to overrule such action by a vote of not less than two-thirds (2/3) of the entire membership of the Common Council."

[6] "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 230, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997). Our Supreme Court has consistently held that "[appellate courts] do not render advisory opinions. If there is no longer an actual controversy in which [the appellate court] can afford practical relief to the parties, [the court] must dismiss the appeal." *Sadlowski* v. *Manchester*, 206 Conn. 579, 583, 538 A.2d 1052 (1988); see *Green Rock Ridge, Inc.* v. *Kobernat*, 250 Conn. 488, 497, 736 A.2d 851 (1999).

[7] The parties were notified on December 29, 1999, to be prepared to discuss, at oral argument, the possible mootness of this appeal.

would be available to the plaintiffs.[8] Also to be determined is whether the city of New Britain took temporary title to the subject property to facilitate the construction of the commuter parking lot, and what effect, if any, that would have regarding ordinance 40-10-50 and the rights of the plaintiffs.

Because we, as an appellate court, may not make factual findings, we must remand this pending matter to the trial court for the resolution of factual issues as discussed in this opinion. See Practice Book § 60-2 (9).

The matter is remanded to the trial court for an evidentiary hearing for the purpose of making the requisite factual findings in compliance with this opinion.

In this opinion the other judges concurred.

---

[8] We note that even if the factual issues to be determined lead to the conclusion that the appeal is moot because no practical relief is available, the appeal may nevertheless be heard under an exception that the issues on appeal are capable of repetition, yet evading review. See *Loisel* v. *Rowe*, 233 Conn. 370, 388, 660 A.2d 323 (1995). We conclude that this is not a case requiring a review of what would otherwise be moot, if indeed it is moot. We recognize that a decision to rezone property is not by its very nature of a limited duration, and it is unlikely that the substantial majority of cases raising the issue of the validity of a change of zoning would become moot before appellate litigation could be concluded. See id., 382.