## TOWN OF SOUTHINGTON *v.* COMMERCIAL UNION INSURANCE COMPANY
### (AC 18088)

Landau, Schaller and Dupont, Js.

Submitted on briefs October 18, 2000—officially released February 13, 2001

*Bradford R. Carver, Adam G. Cohen* and *James J. Mercier* filed a brief for the appellant (defendant).

*Marjorie S. Wilder, Thomas A. Rouse* and *Talbot A. Welles* filed a brief for the appellee (plaintiff).

*Opinion*

LANDAU, J. Our Supreme Court remanded this appeal concerning an action on a subdivision surety bond (bond) to this court to resolve the remaining claims of the defendant, Commercial Union Insurance Company. *Southington* v. *Commercial Union Ins. Co.*, 254 Conn. 348, 369, 757 A.2d 549 (2000). In addition to those claims that the defendant raised in its original appeal to this court,[1] our Supreme Court has directed

[1] The following claims of the defendant remain unresolved: "[T]hat the trial court improperly (1) failed to [conclude] that the town violated its statutory and regulatory obligations thereby prejudicing the defendant and discharging its surety obligation because the trial court (a) did not conclude that the town, as a successor in interest, was required to provide a substitute bond, (b) did not conclude that the defendant was prejudiced by the town's failure to give it timely notice of the breach of contract; (2) failed to apply the law of the case to the count sounding in contract; (3) failed to conclude that the town had not met its burden of proof on the contract and negligence claims; and (4) awarded damages because it failed to conclude (a) that the town was required to complete the subdivision improvements before making a claim, (b) that the defendant was entitled to a refund for funds not expended by the town, (c) that the town's proof was insufficient in that it did not establish the date of the breach and the cost of completing the

this court to resolve another issue, i.e., "whether the plaintiff, [the town of Southington] which acquired the property through foreclosure, was precluded from calling the bond because it had become, in effect, a successor developer of the subdivision." Id., 356 n.6. Although many of the issues on remand are not related to whether the plaintiff was a successor developer, we decline to address any of those issues until the trial court has decided the issue identified by our Supreme Court. We therefore remand the case to the trial court for a factual determination of whether the plaintiff "had become, in effect, a successor developer of the subdivision." Id.

The facts and procedural history are not in dispute. "The [plaintiff] brought an action against the defendant for payment under a performance bond that the defendant had posted as surety. Michael J. Martinez was the president, sole director and sole shareholder of A.M.I. Industries, Inc. (AMI). In 1988, AMI applied to the [plaintiff's] planning and zoning commission (commission) for approval of an industrial subdivision in the town on Captain Lewis Drive. At the time, the real property was owned by Southington Land Associates, Inc. (SLA). On October 4, 1988, the commission approved the application subject to AMI's furnishing a $590,000 subdivision or public improvement bond.

"On November 1, 1988, Martinez, as principal, and the defendant, as surety, executed a subdivision bond for the real property, and on February 9, 1989, SLA sold the property to MJM Land Investments, Inc. (MJM). Martinez was the president and sole stockholder of MJM. By April, 1995, Martinez, AMI and MJM had failed

improvements on that date, (d) that for equitable reasons, pursuant to General Statutes § 52-238 (a), no damages were due the town and (e) that the town's evidence of the cost of completing the improvements was speculative." *Southington* v. *Commercial Union Ins. Co.*, 54 Conn. App. 328, 330 n.2, 735 A.2d 835 (1999), rev'd on other grounds, 254 Conn. 348, 757 A.2d 549 (2000).

to complete the improvements required under the subdivision approval. The [plaintiff] informed the defendant that the subdivision had not been completed and that if it was not completed by October 3, 1995, the [plaintiff] would have to call the bond. Martinez declared personal bankruptcy and the [plaintiff] purchased the real property in a foreclosure auction on June 27, 1995. None of the lots in the subdivision was sold prior to the expiration of the subdivision application.

"When the defendant refused to pay the money that the [plaintiff] claimed under the bond, the [plaintiff] commenced suit alleging, in its amended complaint, breach of contract and negligence and, in the alternative, promissory estoppel and identity/unity of interest, seeking damages of $175,000 to complete the subdivision improvements. The trial court rendered judgment in favor of the [plaintiff] on the breach of contract and negligence counts of the complaint." (Internal quotation marks omitted.) *Southington* v. *Commercial Union Ins. Co.*, supra, 254 Conn. 354–56, quoting *Southington* v. *Commercial Union Ins. Co.*, 54 Conn. App. 328, 330–31, 735 A.2d 835 (1999), rev'd, 254 Conn. 348, 757 A.2d 549 (2000). The defendant appealed to this court.

This court reversed the judgment of the trial court on the basis of just one of the issues that the defendant raised on appeal. The plaintiff appealed to our Supreme Court, which reversed the judgment of this court and remanded the case to us for further consideration. See *Southington* v. *Commercial Ins. Co.*, supra, 254 Conn. 369.

In its memorandum of decision, the trial court did not make findings of fact related to the issue on remand, i.e., whether the plaintiff is a successor developer, although both parties acknowledged in their original briefs to this court that the town had purchased the

subdivision in a foreclosure auction for economic development. The court did not make factual findings concerning the purpose and scope of the plaintiff's economic development of the subdivision. More specifically, the court did not determine the time, place, manner and circumstances under which the plaintiff purchased the subdivision, nor did it make other relevant factual determinations such as, but not limited to, the plaintiff's expenses and profits, and whether the plaintiff was a successor developer of the subdivision.

It is well established that appellate courts are not triers of fact and rely on the trial court's findings and conclusions related thereto. *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 609, 717 A.2d 713 (1998); *Karp* v. *New Britain*, 57 Conn. App. 312, 316, 748 A.2d 372 (2000); *Perkins* v. *Fasig*, 57 Conn. App. 71, 79, 747 A.2d 54, cert. denied, 253 Conn. 925, 754 A.2d 797 (2000). We therefore are unable to address the issue raised by our Supreme Court, and remand the case to the trial court to make the factual findings and conclusions necessary for our review of whether the plaintiff was precluded from calling the bond because it had become, in effect, a successor developer of the subdivision.

The case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.