[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Clocktower, LLC, commenced an appeal from the decision of the defendant, Norwalk Zoning Commission, which granted the coastal area management application of the defendant, 68 Wall-Norwalk, LLC (the defendant). The deputy sheriff served Michael Greene, the director of the Norwalk Planning Zoning Commission, and the Norwalk city clerk, Mary Roman, as directed in the plaintiff's citation. The defendant[1] has moved (#102) to dismiss the plaintiff's appeal on the ground that this court lacks subject matter jurisdiction because the plaintiff failed to serve the chairman or clerk of the Norwalk Zoning Commission or the Norwalk town clerk as required by General Statutes § 8-8(e).[2]
A motion to dismiss is the proper method by which to contest service of process as insufficient. Practice Book § 10-31(a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 593 A.2d 1000 (1988).
"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Office of Consumer Counsel v. Dept. ofPublic Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995). "The failure to cite and serve the municipal clerk implicates this court's subject matter jurisdiction. Further implicating the court's subject matter jurisdiction is the failure to direct abode or in-hand service CT Page 7884 upon the chairmen of the commissions as directed by General Statutes § 8-8(e)." Republic Realty v. Planning Commission, Superior Court, judicial district of Waterbury Docket No. 142928 (January 18, 2001,West, J.).
The defendant argues that because the chairman or clerk of the agency and the Norwalk town clerk were not served by the plaintiff that service of process is defective and, this court lacks subject matter jurisdiction. The plaintiff responds that Norwalk has both a city and town clerk and service on either clerk satisfies General Statutes §8-8(e). Alternatively, the plaintiff argues that General Statutes §§8-8(p)[3] and (q)[4] allow defects to be cured if the municipal clerk and/or chairman or clerk of the agency has not been served. Furthermore, the plaintiff argues that there would be no prejudice or harm to the defendant if the plaintiff was allowed to cure its service. The plaintiff notes that notice of the appeal was forwarded by Mr. Greene to the corporation counsel's office which subsequently filed an appearance in the action on behalf of the Norwalk Zoning Commission.
The first issue is whether the plaintiff served the proper Norwalk municipal clerk. The city of Norwalk and the town of Norwalk were consolidated in 1913, and the city of Norwalk is one municipality with two clerks. See Bliss v. City of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135308 (February 9, 1995, D'Andrea, J.) (13 Conn.L.Rptr. 495) ("Since there is no entity known as the `Town of Norwalk', but there are in fact two separate persons serving as `clerks', one called the `town clerk' and the other the `City Clerk', the City of Norwalk has, in effect, two clerks.") The court finds, therefore, that the plaintiff effectuated proper service upon the "clerk of the municipality" pursuant to General Statutes § 8-8(e) when it served the Norwalk city clerk.
The major issue in this case is whether General Statutes §§ 8-8(p) and (q) apply so as to permit the plaintiff to amend its citation and properly serve the "chairman or clerk of the board" in accordance with General Statutes § 8-8(e). The plaintiff has failed to direct the court to any case that holds that the failure to cite and serve the chairman or clerk of the agency is a curable defect under General Statutes §§ 8-8(p) and (q). Therefore, jurisdictional defects, due to a plaintiff's own acts, cannot be cured by the saving provisions of General Statutes §§ 8-8(p) and (q) because they go directly to the court's subject matter jurisdiction.
A number of Superior Court cases make this point, including RepublicRealty v. Planning Commission, supra, Superior Court, Docket No. 142928 (court dismissed plaintiff's appeal finding that plaintiff's failure "to CT Page 7885 properly cite and serve the borough clerk and the chairpersons of the commissions is a jurisdictional defect" and that "it cannot be cured by the saving provisions of General Statutes §§ 8-8(p) or (q)."); Karpv. City of New Britain, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 481632 (January 9, 1998, Stengel, J.) (appeal dismissed because failure to cite and serve chairman or clerk of council is jurisdictional defect) remanded for further factual findings related to the issue of mootness, 57 Conn. App. 312, 748 A.2d 372
(2000); Rogg v. Town of Brookfield, Superior Court, judicial district of Danbury, Docket No. 321974 (July 18, 1996, Mihalakos, J.) (the court, sua sponte, held that it was without subject matter jurisdiction where plaintiff failed to cite and serve chairman or clerk of commission);D'Addeo v. Town Plan Zoning Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552068 (October 17, 1995, Maloney, J.) (failure to cite and serve chairman or clerk of commission is fatal as it implicates court's subject matter jurisdiction).
The court recognizes "the established principle that every presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) Banks v. Thomas, 241 Conn. 569, 586, 698 A.2d 268 (1997). The court also recognizes that "[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.) Pietraroia v. NortheastUtilities, 254 Conn. 60, 74, 756 A.2d 845 (2000). In this case, however, the court must abide by the clear statutory language of General Statutes § 8-8(e) requiring service on the "chairman or clerk" of an agency. Accordingly, the defendant's motion to dismiss is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of June, 2001.
William B. Lewis, Judge T.R.