[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION IN LIMINE
CT Page 10126
 SCHEDULE C
I. INTRODUCTION
The plaintiff, Town of Southington ("Town" or "Southington") hereby moves, pursuant to Practice Book § 15-3, to exclude from the remand hearing all irrelevant and immaterial evidence unrelated to the specific questions on remand from the Appellate Court.
II. BACKGROUND
The Town of Southington brought this action in 1995 to recover under the terms of a subdivision bond because approved subdivision improvements had not been completed. After a four-day trial from September 30, 1997 through October 7, 1997, the trial court found for Southington and ordered Commercial Union to pay Southington $275,000 to complete the subdivision improvements.
Commercial Union appealed on several grounds and the Appellate Court reversed on one ground only. However, the Supreme Court reversed the Appellate Court's decision and remanded to the Appellate Court to address the remaining issues on appeal, which the Appellate Court had previously not addressed. The Appellate Court has retained jurisdiction, but has remanded to the trial court for certain factual findings which the trial court failed to include in its Memorandum of Decision.
III. STATUS OF CASE: THE REMAND
Upon remand, the Appellate Court retained jurisdiction, but remanded further to the trial court "for a factual determination of whether the plaintiff "had become, in effect, a successor developer of the subdivision'". 61 Conn. App. 757. The trial court had taken evidence on this issue during the trial and sustained Commercial Union's objection to Southington's Motion in Limine concerning such evidence. In fact, the trial court had specifically ruled as follows:
 Commercial Union contends that the Town's purchase of the property and the resale of its lots is relevant and/or material to the question of whether Commercial Union had an obligation to pay the Town for the cost of completing the improvements. The court disagrees. Contrary to the defendant's argument, the Town was not legally obligated to require a "successor developer" of the subdivision to complete the improvements. There CT Page 10127 was a contract between the Town and Commercial Union, and the Town was not required to release and discharge the compensated' surety because the Town bought the property." Supreme Court Record ("R"), pp. 43-44.
However, the trial court did not set forth its factual findings relating to the purchase of the subdivision by the Town and the sale of several lots by the Town at or before the trial. The parties have agreed to stipulate as to at least some of these facts for purposes of this remand. In addition, Southington agrees to stipulate, as the Supreme Court stated, that "it is, in effect, a successor developer of the subdivision."
While the scope of the Appellate Court's remand is unclear, the court said:
 "In its memorandum of decision, the trial court did not make findings of fact related to the issues on remand, i.e., whether the plaintiff is a successor developer, although both parties acknowledged in their original briefs to this court that the Town had purchased the subdivision in a foreclosure auction for economic development. The court did not make factual findings concerning the purpose and scope of the plaintiff's economic development of the subdivision. More specifically, the court did not determine the time, place, manner and circumstances under which the plaintiff purchased the subdivision, nor did it make other relevant factual determinations such as, but not limited to, the plaintiff's expenses and profits, and whether the plaintiff was a successor developer of the subdivision."
What is clear, is that the Appellate Court requested that the trial court expand upon its memorandum of decision (dated January 22, 1998) to include the requested findings. Nowhere in this remand or in the Supreme Court decision did the court suggest that evidence beyond the date of trial should be permitted. On the contrary, the Appellate Court repeatedly referenced the trial court's memorandum of decision. The parties have agreed to stipulate to the relevant facts which were part of the record. No further factual findings (and certainly none relating to events after October, 1997 when the trial was completed) are necessary or appropriate to comply with the remand.
IV. MATTERS SOUGHT TO BE EXCLUDED
CT Page 10128
Commercial Union will seek to introduce evidence which postdates the trial in this case. In fact, Commercial Union will seek to introduce evidence relating to sales of lots in the subdivision to the present time. Such information is not in accord with the Appellate Court remand which explicitly referenced the trial court's failure to find certain facts in its Memorandum of Decision.
The Appellate Court neither contemplated nor suggested that the trial in this matter be extended to include evidence that could not have been contemplated by the trial court at the time it rendered its decision. Neither the Appellate Court nor the Supreme Court suggested a new trial (if it had, of course, Southington would seek to introduce new evidence as to the additional costs to complete the improvements of the subdivision since this trial ended almost four years ago.)
In addition, Commercial Union seeks to introduce possible potential sales prices for lots not yet sold. Such speculative evidence is also not contemplated by the Appellate Court's remand to supplement the trial court's decision with findings of fact relating to Southington's purchase of the subdivision after it commenced this suit.
Further Commercial Union will seek to introduce evidence relating to the Town's calling of the bond and with regard to the status of the subdivision at the time the Town purchased the property. These issues and other similar matters which Commercial Union may seek to introduce are not only irrelevant to the issue of Commercial Union's obligations under the clear terms of its bond, but also are wholly unrelated to the issues on remand.
Southington urges this court to confine the evidence and its factual findings to matters in evidence at the time of trial. At the least, any additional evidence, not presented at the trial in this case, should be limited to facts, consistent with the Appellate Court's remand, that were available at the time of trial and could have been introduced at that time. Finally, Commercial Union should not be permitted to introduce evidence beyond the scope of the remand, including, but not limited to evidence relating to the calling of the bond or the status of the subdivision. Commercial Union's attempt to retry this case in the context of a very limited remand (with the Appellate Court retaining jurisdiction)should not be permitted.
Plaintiff,
By: Marjorie S. Wilder Thomas A. Rouse CT Page 10129 Pullman Comley, LLC 90 State House Square Hartford, CT 06103-3702 (860) 424-4300 Fax: (860) 424-4370 Juris No. 409177 Its Attorneys
 ORDER
The foregoing motion having been heard, it is hereby ORDERED:
1. No evidence subsequent to the date of the close of the original trial will be permitted.
Granted
2. Evidence relating to the possible sales prices for lots not yet sold will not be permitted.
Granted
3. [EDITORS' NOTE: TEXT IS ELECTRONICALLY NON-TRANSFERRABLE.]
4. [EDITORS' NOTE: TEXT IS ELECTRONICALLY NON-TRANSFERRABLE.]
5. Evidence unrelated to the issues on remand shall not be permitted,
Granted
BY THE COURT
Rittenband, JTR Judge/Assistant Clerk