PERRY TAYLOR ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF
WALLINGFORD ET AL.
(AC 21780)

Foti, Dranginis and West, Js.

Argued May 3—officially released July 9, 2002

*Timothy J. Lee,* for the appellants (plaintiffs).

*Gerald E. Farrell, Sr.,* assistant town attorney, for the appellee (named defendant).

*Opinion*

WEST, J. The plaintiffs, Perry Taylor, Margaret Taylor and Tayco Corporation, appeal from the judgment of the trial court dismissing as untimely their appeal from the decision of the defendant zoning board of appeals of the town of Wallingford[1] (board). The plaintiffs claim that the court improperly (1) calculated the fifteen day appeal period pursuant to General Statutes § 8-8 from the date that the notice of decision was signed rather than from the date on which it was published and (2) dismissed their appeal as untimely on the basis of its finding that the appeal was served beyond the fifteen day appeal period. The board now concedes that the court miscalculated the fifteen day appeal period and improperly dismissed the appeal as untimely. The board claims, however, that the appeal is moot. We reverse the judgment of the trial court and remand the case for further factual findings related to the issue of mootness.

The record and briefs disclose the following facts and procedural history. The plaintiffs are the owners of real property located in Wallingford. That property is divided into a commercial lot and a smaller residential lot. The plaintiffs operated a sand and gravel business

---

[1] The plaintiffs named the chairman of the Wallingford zoning board of appeals and the Wallingford town clerk as additional defendants. As noted by the trial court, however, the plaintiffs make no reference to the town clerk in their brief in support of their appeal and treat the zoning board of appeals as the sole defendant.

on the commercial property subject to a fill and excavation permit issued by the town of Wallingford. On February 22, 1999, the Wallingford town planner issued a cease and desist order demanding that the plaintiffs discontinue "any and all grading or excavation in the southeast portion" of their property.

The plaintiffs appealed from the cease and desist order to the board, which held a public hearing on the plaintiffs' appeal on April 19, 1999. Although the town planner did not attend the public hearing, the assistant town planner testified that there was evidence that the plaintiffs had not complied with the cease and desist order and that excavation had been undertaken in areas of the property for which no permit had been issued. At the conclusion of the testimony, the board upheld the cease and desist order against the plaintiffs.

The plaintiffs appealed from the board's decision to the Superior Court pursuant to § 8-8. The court, by memorandum of decision dated December 13, 2000, dismissed the appeal for lack of subject matter jurisdiction on the ground that the plaintiffs' appeal was untimely. The court found that the board's notice of decision was published on April 20, 1999, and that the plaintiffs did not file their appeal until May 7, 1999. The plaintiffs filed a motion to reargue on December 21, 2000. After hearing argument on whether the plaintiffs should be allowed to reargue, the court denied the motion to reargue. This appeal followed.

The board now concedes that the plaintiffs' appeal to the Superior Court was timely filed.[2] We, too, agree

[2] The issue of timeliness revolved around when the board published its decision. General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court . . . . The appeal shall be commenced . . . within fifteen days from the date that notice of the decision was published as required by the general statutes. . . ." General Statutes § 8-7 provides in relevant part: "Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality . . . within fifteen days after such decision has been rendered. . . ." Although the notice of decision was apparently

that the plaintiffs timely filed their appeal. The board claims, however, that the appeal is moot and that this court therefore lacks jurisdiction to decide the appeal on its merits.

"Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . Since mootness implicates subject matter jurisdiction . . . it can be raised at any stage of the proceedings. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . . An issue is moot when the court can no longer grant any practical relief. . . . Whenever a claim of lack of jurisdiction is brought to the court's attention, it must be resolved before the court can proceed. . . .

"The test for determining mootness of an appeal is whether there is any practical relief this court can grant the appellant. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed." (Citations omitted; internal quotation marks omitted.) *In re Kachainy C.*, 67 Conn. App. 401, 407–408, 787 A.2d 592 (2001).

The board contends that the present appeal is moot because the plaintiffs failed to comply with the cease and desist order and continued to do work on the property. The board further alleges that, by the time that the hearing concerning the appeal on the cease and desist order had taken place, the plaintiffs had com-

signed by the recording secretary on April 20, 1999, and the court considered that day the publication date for purposes of deciding the timeliness of the appeal, the board now concedes that the decision was not actually published as required by the §§ 8-7 and 8-8 until April 26, 1999.

pleted the excavation and other activity at which that order was directed.[3]

The board's argument rests on factual findings regarding the extent of work performed by the plaintiffs in contravention of the cease and cease order, including whether the plaintiffs actually completed the work that was the subject of the cease and desist order. The court, however, did not reach the merits of the case and made no factual findings with respect to this claim. Because we, as an appellate court, may not make such findings,[4] we must remand the case to the trial court for a resolution of the factual issues necessary to address the mootness issue. See *Karp* v. *New Britain,* 57 Conn. App. 312, 316, 748 A.2d 372 (2000); see also Practice Book § 60-2 (9).

The judgment is reversed and the case is remanded for proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[3] The board has not fined the plaintiffs for their alleged failure to comply with the cease and desist order.

[4] "It is well established that appellate courts are not triers of fact and rely on the trial court's findings and conclusions related thereto." *Southington* v. *Commercial Union Ins. Co.,* 61 Conn. App. 757, 761, 768 A.2d 454 (2001).

