GUERNSEY, Chief Judge.
The Defendant Mohegan Tribal Gaming Authority has moved to dismiss Plaintiffs complaint on grounds that the complaint contains an incorrect statutory reference to the basis of the Court’s jurisdiction, citing MTO 96-2 (the original Mohegan Torts Code), which has been repealed and replaced by MTO 98-1 and, most recently, again repealed and replaced by MTO 2001-07, which completely revises the substantive law and procedure for tort claims accruing on or after August 15, 2001. The Court notes that, from the date of injury alleged in the Complaint, June 9, 2002, it was quite clear under which ordinance the Plaintiff intended to proceed. On April 4, 2003 the Plaintiffs Request for Leave to Amend, correcting the error, was filed.
“A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists.... An issue is moot when the court can no longer grant any practical relief.” (Internal quotation marks omitted.) Taylor v. Zoning Board of Appeals, 71 Conn.App. 43, 46, 800 A.2d 641 (2002). No objection having been filed to the request to amend within fifteen days, the amendment is deemed to have been filed with the consent of the Defendant. G.D.C.P. § 27. Therefore, whatever the merits of Defendant’s motion to strike might have GDTC-T-03-107 been [1], the issue is now moot.
The Defendant’s motion to strike is therefore denied.

. The Court notes that, while the correct statutory citation is certainly desirable, it is not contained in the list of required allegations set forth in MTO 2001-07 § 8(C).