GUERNSEY, Chief Judge.
This action, brought by a former employee of the Defendant Mohegan Tribal Gaming Authority, originally consisted of three counts, alleging negligent/intentional infliction of emotional distress against the individual defendant, denial of minimum due process rights by the Mohegan Tribal Gaming Authority (MTGA) under 25 U.S.C. Section 1302 et seq., and violations of the Discriminatory Employment Practices Ordinance, MTO 98-2. In ruling on *469 the Defendants’ prior Motion To Dismiss and/or Strike, this Court denied the motion as to Count One (negligent/intentional infliction of emotional distress), granted it in part as to Count Two, (granting Defendants’ Motion to Dismiss the Plaintiffs challenge to the denial of her appeal to the General Manager, but denying it as to Plaintiffs claim that the Board of Review policies violated Plaintiffs minimum due process rights under 25 U.S.C. Section 1302 et seq.), and granted it as to Count Three (violation of the Discriminatory Employment Practices Ordinance). Worthen v. Mohegan Tribal Gaming Authority, Et Al., 1 G.D.R. 64, 2 Am. Tribal Law 410, 2000 WL 35733918 (Mohegan Gaming Trial Ct.2000).
Notwithstanding that Defendants’ original Motion was filed as “Motion To Dismiss and/or Strike”, the Defendant MTGA (the only defendant against whom Count Two is addressed) has moved to strike Plaintiffs amended Count Two on the following grounds:
1. That the allegation in Paragraph 78 concerning the MTGA’s denial of an appeal to the general manager was dismissed by the Court’s prior decision;
2. That the substantive and procedural rights and deprivations alleged by the Plaintiff are not recognized and should not be recognized by the Court;
3. That the Mohegan Tribe and the MTGA have not waived sovereign immunity so as to authorize the awarding of back pay and other benefits, and attorneys fees as claimed in Count Two; and
4. That Count Two attempts to reliti-gate, under a different guise, the Court’s dismissal of Count Three of her original complaint.
At oral argument on Defendant’s motion, Plaintiffs counsel, with the Court’s permission, withdrew paragraph 78 of the amended Count Two, thus removing it from consideration.
A. STANDARD OF REVIEW
Section 22 of the Gaming Disputes Trial Court Rules of Civil Procedure, patterned after Section 10-39 of the Connecticut Practice Book, provides that a Motion To Strike may be used by any party to contest, inter alia, “the legal sufficiency of the allegations of any complaint ... ”, as well as “the legal sufficiency of any prayer for relief.” It has been held that the “purpose and scope of a Motion To Strike are identical to those of a demurrer.” Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 986, 987 (1982). In ruling on a Motion To Strike, the Court “must construe the fact in the complaint most favorably to the Plaintiff,”, Novametrix Medical Systems Inc. v. BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). If the motion attacks the entire pleading, the motion fails if any part of the pleading is viable. Doyle v. A & P Realty Corp. 36 Conn.Supp. 126, 414 A.2d 204 (1980). The Motion To Strike may be used to attack a prayer for relief not supported by the complaint. G.D.C.P. Section 22(a)(2); Van Epps v. Redfield, 68 Conn. 39, 35 A. 809 (1896).
At the Superior Court level, it has been held that the Connecticut Practice Book contemplates the advancement of pleadings and “not refiling of prior pleadings.” Anthony Barasso v. Rear Still Hill Road, LLC et al., 30 Conn. L. Rptr. No. 14, 546, 2001 WL 1355811 (2001) (Jones, J.). In that case, the court did not allow the refiling of a Motion To Strike after the granting of a previous Motion To Strike was overturned on appeal.
Although the Court agrees with the reasoning of Judge Jones in Barasso, and certainly does not wish to encourage the re-filing of motions previously decided, giv *470 en that at least one aspect of Defendant’s present Motion To Strike involves a serious question of sovereign immunity not dealt with in the Court’s previous decision in this case, the motion will be considered.
B. DEFENDANT’S CHALLENGE TO PLAINTIFF’S CLAIMS OF DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL RIGHTS
The issues raised by Defendant’s Motion To Strike, to a large extent, have already been ruled upon in this case. Although in ruling on the Defendant’s previous challenge to Count Two of Plaintiffs Complaint, this Court agreed with Defendant’s contention that Plaintiffs failure to exhaust administrative remedies required dismissal of that portion of Count Two attacking the denial of Plaintiffs appeal to the General Manager, this Court denied Defendants’ Motion To Dismiss Plaintiffs claims under the Indian Civil Rights Act, 25 U.S.C. Section 1302 et seq. In so doing, this Court followed the holding by the Mohegan Gaming Disputes Court of Appeals that the Indian Civil Rights Act and the Mohegan Sun Employee Handbook may require a hearing by a Board of Review panel. Bethel v. Mohegan Tribal Gaming Authority et al, 1 G.D.A.P. 1 (2000). The Bethel Court, however, found it unnecessary to determine whether the Plaintiff had a property interest in continued employment, ruling that the plaintiff had a right to “some kind of a hearing” under the Indian Civil Rights Act. Bethel v. Mohegan Tribal Gaming Authority et al., 1 G.D.A.P. 1, 6 (2000). In ruling on Defendants’ prior Motion to Dismiss and/or Strike, this Court, while recognizing the split of authority at the trial court level on this issue, found persuasive the line of authority set forth in Pineiro v. Office of Director of Regulations, 1 G.D.R. 43, 2 Am. Tribal Law 386, 1999 WL 34976688 (Mohegan Gaming Trial Ct.1999), Johnson v. Mashantucket Pequot Gaming Enterprise, 1 Mash.App. 21, 1 MPR 15 (1996), and the foregoing holding in Bethel, supra, and recognized a property interest in continued employment.
Notwithstanding this prior ruling, the Defendant MTGA argues that “Plaintiff was not entitled to an elaborate adversarial proceeding prior to her final termination of employment,” and that the Record established that the Pretermination Hearing afforded the Plaintiff satisfied the requirements set forth in Cleveland Board Of Education v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Defendant further argues that “procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards;” citing Locurto v. Safeir, 264 F.3d 154 (2d Cir.2001). In support of its contention that an opportunity for a full adversarial hearing is provided in the Gaming Disputes Court, the Defendant cites the Mohegan Discriminatory Employment Practices Ordinance, the Mohegan Torts Ordinance, and the Gaming Disputes Court Ordinance. Finally, Defendant argues that, apparently as a matter of law, the Plaintiff was afforded ample due process.
Prior holdings of the Mohegan Gaming Disputes Trial Court, both in this case and in Pirolli v. Mohegan Tribal Gaming Authority, 1 G.D.R. 25, 30 (1998), established that an action may be commenced and prosecuted in the Gaming Disputes Court “to vindicate rights created by the ICRA”. Pirolli v. Mohegan Tribal Gaming Authority, 1 G.D.R. 25, 30 (1998); Worthen v. Mohegan Tribal Gaming Authority et al., 1 G.D.R. 64, 71, 2 Am. Tribal Law 410, 2000 WL 35733918 (Mohegan Gaming Trial Ct.2000). This is consistent *471 with the decision of the Mohegan Tribe, acting with the inherent sovereign rights and powers of an independent, indigenous sovereign nation, to incorporate in its constitution the provisions of the Indian Civil Rights Act of 1968:
Article XI — Individual Rights of Tribal Members
Section 1. The Mohegan Tribe, in exercising its powers of self-government, shall make no law inconsistent with the Indian Civil Rights Act of 1968 (25 U.S.C. §§ 1301-1303; 82 Stat. 77), which requires that the Tribe not ...
(h) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the process of law;
(Italics added). Constitution of the Mohegan Tribe of Indians of Connecticut, Article XI, Section 1(h). [Whether the substitution of “the” for “due” was intentional has not been raised by either party]. The Mohegan Constitution further provides that no other provision in the Constitution or Tribal Law “shall foreclose or limit any right any person may otherwise have to bring an action in a court of competent jurisdiction to protect a right or seek a remedy otherwise available pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq”. Constitution of the Mohegan Tribe of Indians of Connecticut, Article XIII, Section 4.
Although not specifically articulated as such, the Defendant’s argument, if adopted by this Court, requires a finding that the balancing test set forth in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), as a matter of law, is satisfied by the administrative proceedings relating to Plaintiffs dismissal, as evidenced by the Record thereof, and that anything further would constitute an unreasonable administrative burden and an unwarranted intrusion on the MTGA’s interest in quickly removing an unsatisfactory employee.
As to these assertions, particularly the latter, the Record is devoid of supporting evidence. While the Court appreciates that the imposing on the Defendant of additional safeguards for employees in termination proceedings may have the effect of an intrusion on the Defendant’s conduct of its affairs, to hold at the present stage of these proceedings that it would be an unwarranted intrusion would be mere speculation. Evidence of the significance and seriousness of the administrative burden that would be placed on the Defendant by recognizing any one of the protections sought by the Plaintiff is absent from this case at this stage. For guidance, the only information before the Court on this point is that Mashantucket Pequot Tribal Court has determined that, given the importance of establishing an adequate record for judicial review of Board of Review hearings, the right to counsel at such Board of Review hearings exists under Mashantucket jurisprudence and the Indian Civil Rights Act. Johnson v. Mashantucket Pequot Gaming Enterprise, 1 Mash. 115, 1 Mash. Rep. 165 (1996), (Shibles, C.J.), affirmed 1 Mash.App. 21, 1 MPR 15 (1996) (Zampano, J.). Although defense counsel is correct in pointing out that such a decision is not binding on the Mohegan Gaming Disputes Court, it is far from supportive of Defendant’s contention that the resulting safeguards would be unduly burdensome.
It is well settled that a Motion To Strike admits all well pleaded allegations, and cannot be opposed by facts outside the attacked pleading. State v. Bashura, 37 Conn.Supp. 745, 748, 436 A.2d 785, 787 (1981), Kilbride v. Dushkin Publishing Group Inc., 186 Conn. 718, 719, 443 A.2d 922, 922 (1982). The jurisdiction of this Court, in a matter related to Gaming, to entertain claims under the Indian Civil *472 Rights Act has already been established, as has an employee’s property interest in continued employment. Unproven factual allegations cannot form the basis for the granting of a Motion To Strike under the balancing test set forth in Mathews v. Eldridge, supra, and more recently applied by the Connecticut Supreme Court in Giaimo v. New Haven, 257 Conn. 481, 511-16, 778 A.2d 33 (2001).
Finally, Defendant’s assertion that “MTGA employees are afforded the opportunity for ... a full adversarial hearing in the [Gaming Disputes] Court pursuant to the Mohegan Discriminatory Employment Practices Ordinance, the Mohegan Torts Ordinance, and the Gaming Disputes Ordinance, among other ordinances” is somewhat puzzling. The Discriminatory Employment Practices Ordinance, MTO 98-2, provides for Court review only in specific, limited circumstances. See MTO 98-2 Section II(i) and Section 11(a). Whether the Mohegan Torts Ordinance, MTO 98-1, would have allowed the bringing of claims by MTGA employees has not been established, and in any event that avenue is now blocked by the amended Mohegan Torts Code set forth in MTO 2001-07, which specifically forbids the bringing of “claims arising from any aspect of the employment relationship between the MTGA and its employees.” MTO 2001-07 Section 4(E). Lastly, the argument that the ordinance establishing the Gaming Disputes Court, MTO 95-4, affords MTGA employees the opportunity for a full adversarial hearing has been rejected by this Court. Long v. Mohegan Tribal Gaming Authority, et al., 1 G.D.R. 5, 1 Am. Tribal Law 146 (1997) (noting that Section 502 thereof “specifies that nothing in the ordinance establishing the Gaming Disputes Court ‘shall be construed as a waiver of the sovereign immunity of the Tribe, the Authority or the Tribe’s other enterprises Long, supra at 5),
C. DEFENDANT’S CHALLENGE TO PLAINTIFF’S PRAYERS FOR RELIEF
It is clear, and the Gaming Disputes Court has always held, that the Mohegan Tribe possesses all inherent sovereign rights and powers of an independent, indigenous sovereign nation. As such, the Mohegan Tribe, the Mohegan Tribal Gaming Authority, and the Tribe’s other enterprises or political subdivisions possess the “common-law immunity from suit traditionally enjoyed by sovereign powers”, Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978), absent “a clear waiver [of immunity] by the Tribe or congressional abrogation.” Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 2, 1 Am. Tribal Law 140 (1997), quoting Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). In her Prayer for Relief under the amended Count Two of Plaintiffs Complaint, Plaintiff claims relief that includes not only the invalidation of the decision of the Board of Review and the remanding of her case for a new Board of Review Hearing with guarantees of minimum due process rights, but also the following:
Reinstatement to her former position, back pay, back benefits (including but not limited to contributions to 401k and bonuses), reinstatement of sick and vacation time, family health insurance, 50% of these actual damages for pain and suffering, fees, costs and reasonable attorneys fees ...
While the Defendant acknowledges the authority of this Court, in a proper case, to order a hearing under Bethel v. Mohegan Tribal Gaming Authority, 1 G.D.A.P.1, 2 Am. Tribal Law 373, 2000 WL 35733912 (Mohegan Gaming Trial Ct.2000), although *473 arguing strenuously that the same is not appropriate in this case, the Defendant characterizes the above-quoted portion of the ad damnum as a claim for damages, which is barred by the sovereign immunity of the Defendant MTGA.
This Court has long recognized that any waiver of sovereign immunity by the Mohegan Tribe or the MTGA must come from a clear, unequivocal waiver of immunity or congressional abrogation. Long v. Mohegan Tribal Gaming Authority, et al., 1 G.D.R. 5, 11 (1997). Neither is present in this case. The adoption of the provisions of the Indian Civil Rights Act by the Mohegan Tribe in its Constitution does not create a waiver of sovereign immunity against a claim for damages. (“ ‘[T]he fact that a statute applies to Indian tribes does not mean that Congress abrogated tribal immunity in adopting it.’ ” Garcia v. Akwesasne Housing Authority, et al., 268 F.3d 76, 86 n. 5, (2d Cir.2001), quoting Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 357 (2d Cir.2000)). The United States Court of Appeals for the Ninth Circuit has found no support for the proposition that a tribe’s incorporation of the Indian Civil Rights Act into its constitution shows an intent to waive sovereign immunity (albeit in a federal forum). Demontiney v. United States, et al., 255 F.3d 801, 814 (9th Cir.2001).
The allegations contained in Count Two do not state, and clearly were not intended to state, a cause of action under the Mohegan Torts Code, MTO 98-1. The challenged portion of the prayer for relief seeks reinstatement, back pay and benefits in language similar to (but significantly more expansive than) that describing the authority of the Court under MTO 98-2, but adds costs, attorneys fees, and monetary damages, apparently to the extent permitted under MTO 98-1.
Inasmuch as Plaintiff’s claim for the monetary damage elements of her prayer for relief are unrelated to any claim under MTO 98-1 set forth in Count Two or any other waiver of sovereign immunity, and Count Three of Plaintiffs complaint, alleging a violation of the Discriminatory Employment Practices Ordinance, MTO 98-2, has been dismissed, the challenged portion of the prayer for relief under Count Two of Plaintiffs Amended Complaint cannot stand. As to Plaintiffs claims for costs, these too are barred by the doctrine of sovereign immunity. Doe v. Heintz, 204 Conn. 17, 33, 526 A.2d 1318 (1987); Christiano v. State, 2001 WL 1560925 (Conn.Super., Nov. 19, 2001) (Cremins, J.).
D. DEFENDANT’S CLAIM THAT COUNT TWO ATTEMPTS TO RE-LITIGATE THE PREVIOUSLY STRICKEN COUNT THREE UNDER MTO 98-2.
The Defendant MTGA, pointing out that this Court had previously dismissed Plaintiffs claims under the Discriminatory Employment Practices Ordinance, MTO 98-2, argues that Count Two is merely an attempt to resurrect the dismissed claim, in that in the event that the matter is remanded for another Board of Review Hearing at which the Plaintiff is unsuccessful, presumably Plaintiff would not again miss the strict time limitations that proved fatal to her first attempt under MTO 98-2. No authority is cited for this proposition.
The Defendant’s argument, however, is in reality an attempt to re-litigate this Court’s refusal to dismiss that part of Plaintiffs Count Two claim brought under the Indian Civil Rights Act, If it is eventually determined that Plaintiffs Board of Review hearing was defective and in violation of her due process rights, this Court has the authority under Bethel to remand *474 the matter for another Board of Review hearing. If thereafter the situation arises for the Defendant to claim that further administrative proceedings are barred by time limits established by reference to a prior, defective administrative hearing, Defendant will have ample opportunity so to argue.
D. CONCLUSION
For the reasons set forth above, Defendant’s Motion to Strike is denied, except as to that portion of the prayer for relief in Count Two discussed in Section C of this opinion, as to which it is granted.