MEMORANDUM OF DECISION
GUERNSEY, Chief Judge.
The Plaintiff, who had been employed in the position of Bar Back at the Mohegan Sun Casino, brought this appeal pursuant to MTC § 3-221 et seq. challenging the revocation of his non-gaming license following his arrest for Possession of Marijuana. On or about December 2, 2007 the Plaintiff was observed smoking marijuana in a patron smoking area, which event was *480 recorded by one or more of the security cameras. When confronted by a Security Investigator, the Plaintiff was forthcoming as to his activity, and was found to be in possession of marijuana. According to the testimony and statements made to the Hearing Officer, the Plaintiff was allowed to enter a drug diversion program to resolve the criminal proceedings in State Court.[1]
The foregoing is not disputed by the Plaintiff, nor does the Defendant (hereinafter referred to as the Commission) dispute that at the time of this incident the Plaintiff was undergoing extraordinary personal stress, including the violent death of an older brother to whom he was very close and a highly stressful custody/visitation dispute concerning his son.[2] Further, the Commission does not dispute that, following this incident, the Plaintiff has turned his life around; rather, at issue, according to the Commission, is the zero-tolerance drug policy violated by the Plaintiff when he brought marijuana on to the Reservation.
The power of this Court in aopeals such as this is strictly limited:
The Court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The Court shall affirm the decision of the Agency unless the Court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the Agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
MTC 3—244(j).
As already noted, no material facts are in dispute; the Plaintiff, who had been employed for ten years at the Mohegan Sun and whom even the Commission counsel agrees “is to be applauded for his forthrightness and honesty”,[3] seeks to return to his former employment now that he is drug free and has successfully completed counseling.
The Hearing Officer’s finding[4] that the Plaintiff violated the Casino’s Drug Policy is not only supported by substantial evidence, it is undisputed. As for the Plaintiffs personal situation at the time of his arrest, the Hearing Officer concluded:
18. I find that the Appellant’s mitigating and extenuating circumstances to be trouble for anyone to endure, but I cannot accept these circumstances as a reason to violate the law.
It is not within the power or discretion of this Court to find the Hearing Officer’s *481 conclusion to be clearly erroneous, arbitrary or capricious in that the Plaintiffs actions were beyond any doubt in violation of Conn. Gen.Stat. 21a-279(c) and the express provisions of the Mohegan Sun’s drug policy.[5] As to whether the decision to revoke his license constituted an abuse of discretion, the fact that the extenuating circumstances might be viewed as compelling falls short of rendering the above finding an abuse of or unwarranted exercise of discretion.[6]
The decision of the Hearing Officer is affirmed.

. Presumably this is the Pretrial Drug Education Program established under Conn. Gen. Stat. § 54-56i. Upon successful completion of the assigned drug education program, the criminal charges may be dismissed. Conn. Gen.Stat. § 54-56i(f).

. The triggering event on the day of his arrest appears to have been a telephone call from his son’s mother indicating his son would not be returned to him.

. Hearing on Plaintiffs Appeal, Gaming Disputes Trial Court, July 22, 2008.

. Finding No. 9.

. The Hearing Officer quoted from the Personal Conduct Policy, Item #12, which prohibits “[pjurchase, sale possession or use of illegal drugs on or off duty or being under the influence of illegal drugs at any time on or off duty”. Finding No. 9.

. As the Commission Counsel stressed at the hearing on Plaintiff's appeal, the Plaintiff brought marijuana on to the reservation and was observed using it while on duty.