MEMORANDUM OF DECISION

WILSON, J.
I.
Plaintiff brought this appeal, pro se, from the final decision of the Defendant, Office of the Director of Regulation (ODR) revoking his gaming license “based upon your arrest for drug related charges on July 23, 2009 which violates the casino’s drug free tolerance policy (sic) found in the employee handbook.”
The handbook was entered into the record and it expressly prohibits the “purchase, sale, possession or use of illegal drugs on or off duty or being under the influence of illegal drugs at any time on or off duty.” It also provides that violation of the policy “will result in disciplinary action up to and including termination.”
When the plaintiff was hired he received and signed an “Employee Acknowledgement Form” in which he agreed, in part, that “I have received a copy of the Mohegan Sun employee handbook and have read it carefully.”
After the plaintiff was arrested while off duty and off the premises for “illegal pos *175 session of marijuana and possession of drug paraphernalia,” he was questioned by an investigator from the Mohegan Tribal Gaming Commission, Plaintiff eandidly admitted that a search of his vehicle had revealed a small amount of marijuana and two marijuana pipes, and that he smoked marijuana “occasionally (2 to 3 times a week) when I get stressed out.” He also admitted in the same voluntary statement that “I am aware that the Mohegan Sun has a zero tolerance drug policy which applies both on and off duty,”
At plaintiffs request he was afforded a hearing before the defendant, ODR concerning the termination of his license. At the hearing, the plaintiff again candidly admitted to the foregoing, and in his own behalf, he expressed what appeared to be sincere regret and remorse for what he had done. He described this experience “as a very big wake-up call” that was a “huge shock to me” and that “never, never has anything like this happened to me before.”
Also entered into the record was evidence, not contradicted by the defendant, that the criminal charges in the Connecticut Superior Court were nolled upon the plaintiffs satisfactory completion of 20 hours of community service at Easter Seals Goodwill Industries, and that the plaintiff underwent medical treatment with a psychiatrist for substance abuse.
After the hearing the defendant revoked the plaintiffs gaming license based on violation of the casino’s drug free policy and this appeal followed.
On this appeal the plaintiff expressed sincere remorse for what he had done, and stated that he has straightened out completely and that this will never happen again.
II.

Standard of Review

An appeal to this Court from a final decision of the defendant ODR revoking a gaming license is governed by MTC Art. Ill § 3-224 which provides in part as follows:
“(j) The Court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The Court shall affirm the decision of the Agency unless the Court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the Agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
If the Court finds such prejudice it shall sustain the appeal and, if appropriate, may render a judgment under Subsection (k) of this Section or remand the case to the Agency for further proceedings in accordance with its ruling. For purposes of this Section, a remand is a final judgment.”
The plaintiff has not alleged any grounds of appeal falling within the cited ordinance. The Court has thoroughly reviewed the record and cannot find that the plaintiffs rights have been prejudiced because of any of the reasons set forth in the ordinance. See Kochachy v. Office of the Director of Regulation, 1 G.D.R. 115, 4 Am. Tribal Law 522 (2003).
*176 This Court has previously considered, and upheld, license terminations based on violation of the casino’s drug free policy. See, e.g,, Gavis v. Office of the Director of Regulation, 3 G.D.R. 125, 7 Am. Tribal Law 479 (2008). There, as here, the defendant’s finding that the plaintiff violated the drug policy is not only supported by the substantial evidence—it is undisputed. 3 G.D.R. at 126, 7 Am. Tribal Law 479. While the Court here, as in Gavis, commends the plaintiff for his forthrightness and honesty, and also for the completion of community service and counseling, nevertheless the Court does not find that the plaintiffs substantial rights have been prejudiced. Therefore, the decision of the ODR is affirmed.