MEMORANDUM OF DECISION ON MOTION TO DISMISS

GUERNSEY, C.J.
After a rather tortuous pleading journey,[1] the Defendant has challenged the jurisdiction of this Court to entertain Plaintiffs Revised Complaint on grounds that the same fails to identify any waiver of sovereign immunity. The Plaintiff objects, arguing that her complaint incorporates Form GDC-12, required to be filed in all Discriminatory Employment Practices claims, and that this form leaves no doubt as to the waiver of sovereign immunity under which Plaintiffs Count One has been brought. As to Count Two, based on the alleged denial of her right to due process connected with her dismissal, Plaintiff essentially argues that it is well established that Tribal Courts (and the Gaming Disputes Court in particular) are available to enforce rights under the Indian Civil Rights Act (ICRA), conceding that there is no waiver of sovereign immunity for claims for monetary damages under ICRA but arguing that injunctive relief is available.
Addressing Defendant’s challenge to the Plaintiffs Count One, no authority has been cited, and this Court is aware of none, that holds that the required Form GDC-12 (entitled “Complaint/Discrimim-tory Employment Practices”) is not part of every Plaintiffs Discriminatory Employment Practices Complaint. What Defendant refers to as Plaintiffs Complaint is actually page two of Form GDC-12 (“Description of Events or Occurrences out of which the Alleged Discriminatory Employment Practices Arose”). The purpose served by Form GDC-12 is to alert the Court (and the Defendant) as to the legal basis of Plaintiffs claims, particularly in cases where the Plaintiff is pro se.
In the instant case, Plaintiffs Form GDC-12 identifies the appropriate provision of Mohegan Tribal Law, MTC § 4-21, and the claimed statutory bases for the complaint. In this case, there are two:
1. Participation at the request of a Mohegan Tribal governmental or regulatory agency in an investigation or hearing held by such agency; and
2. Retaliation as a result of the filing of a complaint, or the testimony or being about to testify in a proceeding under the Mohegan Tribal Discriminatory Employment Practices (Act],
These are, of course, taken from MTC § 4-24(a). The Court holds that statements contained in Form GDC-12 remain part of Plaintiffs Discriminatory Practices *227 complaint notwithstanding the later amendment of the Description of Events.
Accordingly, Defendant’s challenge to Count One on that basis that there is no identification of the waiver of sovereign immunity must fail. It is, of course, not at all clear how the events alleged in Plaintiffs Description of Events fit into the categories of activity prohibited by MTC § 4-24(a), and Defendant could have, but did not, seek the revision of the Count One on this basis. A fair reading of the allegations suggests that the Plaintiff was seeking to enforce the well-known zero tolerance policy of The Mohegan Sun regarding drug use.[2] This Court will not speculate as to whether there exists an affirmative duty on the part of the Defendant’s employees to report knowledge or suspicion of illegal drug activity and, if so, whether the same ought to be incorporated into the “investigation” referred to in MTC § 4-24(a)(6). In any event, a claim that the actions of the Defendant violate the provisions of MTC § 4-24(6) is clearly within the limited waiver of sovereign immunity set forth in MTC § 4-28(a)[3]. As to whether the Plaintiff will sustain her burden under § 4—27(d)[4], the same remains to be seen.
Addressing Defendant’s claims that sovereign immunity bars Plaintiffs Count Two, Plaintiff concedes, as she must, that there exists no waiver of sovereign immunity for damage claims brought under the Indian Civil Rights Act, 25 U.S.C. § 1302 (ICRA). That The Mohegan Tribe has not waived its sovereign immunity by the adoption of the Indian Civil Rights Act has long been the holding of this Court. “The adoption of the provisions of the Indian Civil Rights Act by The Mohegan Tribe in its Constitution does not create a waiver of sovereign immunity against a claim for damages.” Worthen v. Mohegan Tribal Gaming Authority, 1 G.D.R. 90, 3 Am. Tribal Law 467, 473 (2001).
It has also long been the holding of this and other Courts that tribal courts, including the Gaming Disputes Court, are appropriate forums for the enforcement of rights created under ICRA. Pirolli v. Mohegan Tribal Gaming Authority, 1 G.D.R. 25, 30, 1 Am. Tribal Law 411 (1998), Worthen v. Mohegan Tribal Gam *228 ing Authority, 1 G.D.R. 84, 71, 2 Am. Tribal Law 410 (2000). Unfortunately, the Plaintiff omitted any mention of injunctive relief in her ad damnum. The Connecticut Appellate Court has held that defects in a former employee’s ad damnum (failure to specify an amount in demand and failure to place the ad damnum on a separate page) were not jurisdictional, even in an action against the State of Connecticut:
We conclude that termination of the plaintiffs case is not a proper remedy for his failure to specify an amount in demand or failure to place the ad dam-num clause on a separate page. The court erroneously granted the defendant’s motion to dismiss.
Colon v. State of Connecticut, Judicial Branch, 129 Conn.App. 59, 67, 19 A.3d 699 (2011). As that Court observed, “[t]he deficiencies in this complaint are not properly addressed by dismissing the complaint, with the concomitant inability to correct the defect, at least in the same action.” 129 Conn. at 66, 26 A.2d 852.
Plaintiffs acknowledgement in open court that she is not seeking damages for her claims under Count Two is tantamount to a withdrawal of the ad damnum as it applies to that count, essentially leaving it without a prayer for relief. Given the strong commitment of The Mohegan Tribe to the Indian Civil Rights Act, as evidenced by its incorporation into The Mohegan Constitution and the clear precedent that the Gaming Disputes Court is an appropriate forum for the enforcement of rights created under ICRA, it is clear that the pleading defect in Plaintiffs Count Two is not one of subject matter jurisdiction.
Defendant’s Motion to Dismiss is denied.

. The Defendant initially moved to dismiss Plaintiff’s complaint on grounds of an incorrect return date. After the return date was amended, the Defendant filed a request to revise, seeking additional information relative to Plaintiffs allegations or, in the alternative, the deletion of the allegations. Upon Plaintiffs failure to object, the Defendant moved to strike the complaint on grounds that its alternative request (deletion) left the Plaintiff with no factual allegations whatsoever. The Plaintiff responded by filing a revised complaint, arguably complying with the request to revise. Thereupon the Defendant filed its third challenge to Plaintiffs complaint, the instant motion to dismiss.

. See, e.g., Gavis v. Office of the Director of Regulation, 3 G.D.R. 125, 7 Am. Tribal Law 479 (2008), referencing a portion of the Personal Conduct Policy, which prohibits "[p]ur-chase, sale, possession or use of illegal drugs on or off duty or being under the influence of illegal drugs at any time on or off duty.” Id. at 126, 7 Am. Tribal Law 479.

. Sec. 4-28.—Sovereign Immunity.
(a) Limited Waiver of Sovereign Immunity. The Mohegan Tribe expressly waives its sovereign immunity from suit, but solely to permit an Applicant or Employee to bring an action in a Mohegan Court, for violations of this Article seeking only the remedies contained in Section 4-27 of this Article, provided that any such suit shall be brought no later than ninety (90) days after the occurrence of the event out of which the complaint arises, or within ninety (90) days after the Applicant or Employee first knew or, through the exercise of reasonable diligence should have known, of the occurrence or event out of which such complaint arises. This limited waiver shall not be construed as a waiver of the sovereign immunity of the Mohegan Tribe or a consent to suit in state or federal court, or in any other forum. This limited waiver shall not be construed nor shall such grant be deemed consent by the Mohegan Tribe to the levy of any judgment, lien, or attachment upon the trust or other property of the Mohegan Tribe.

. Burden of Proof at Trial. Each complaint that is eligible for trial under this Article shall receive a trial de novo. A complainant proceeding under this Article shall be required to prove the elements of his or her complaint by a preponderance of the evidence; and similarly the Employer shall be required to prove any affirmative defense by a preponderance of the evidence. MTC § 4—27(d).