ANTONIO COLON *v.* STATE OF CONNECTICUT,
JUDICIAL BRANCH
(AC 31702)

Gruendel, Beach and Peters, Js.

Argued December 2, 2010—officially released May 31, 2011

*Jeffrey T. Schuyler*, for the appellant (plaintiff).

*Nancy A. Brouillet*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, *Richard Blumenthal*, former attorney general, and *Margaret Q. Chapple*, assistant attorney general, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Antonio Colon, appeals from the judgment of dismissal rendered by the trial court

following its granting of the motion filed by the defendant, the state of Connecticut, judicial branch, to dismiss the plaintiff's complaint for failure to follow certain pleading requirements. We conclude that the defects raised in the motion to dismiss were circumstantial rather than substantive and, as such, the motion was improperly granted.[1] Accordingly, we reverse the judgment of the trial court.

In February, 2006, the plaintiff, whose employment with the defendant had been terminated, filed a complaint alleging wrongful discharge in violation of General Statutes § 31-290a[2] (count one), negligent infliction of emotional distress (count two), intentional infliction of emotional distress (count three), breach of implied contract (count four) and violation of the covenant of good faith and fair dealing (count five). The complaint contained, on a separate page, a statement of the amount in demand. The defendant filed a motion to dismiss counts two through five, inclusive, on the grounds of failure to state a claim upon which relief

---

[1] On appeal, the plaintiff claims that the court erred in (1) applying Practice Book § 10-20 and General Statutes § 52-91 too broadly, (2) ignoring his request for leave to amend, (3) granting the defendant's motion for judgment of dismissal and (4) refusing to consider the issues raised in his motion for reconsideration.

[2] General Statutes § 31-290a provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

"(b) Any employee who is so discharged or discriminated against may . . . (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court . . . ."

may be granted and failure to exhaust administrative remedies. The court, *Tanzer, J.*, granted the motion.

The defendant filed a request to revise the first count of the complaint, which was the only remaining count. The plaintiff did not file an objection or a revised complaint. When the plaintiff's counsel failed to appear at a case evaluation conference which the court, *Bryant, J.*, had scheduled, the court dismissed the action. The plaintiff filed a motion to open the judgment, which the court granted.

In November, 2006, the plaintiff filed a document entitled "revised complaint." The defendant filed a motion in which it requested a judgment of nonsuit for failure to prosecute because the plaintiff had failed to file a proper revised complaint and had ignored the court's order dismissing counts two through five. In the motion, the defendant also sought sanctions on the ground that the "revised complaint" had not been filed in accordance with the applicable rules of practice.

In December, 2006, the plaintiff filed a "corrected revised complaint." The complaint contained an ad damnum clause that was not on a separate page. The demand for relief did not specify an amount sought. The defendant filed a motion to dismiss the operative complaint on the grounds that its contents failed to comply with either Practice Book § 10-20[3] or General Statutes § 52-91[4] because the demand for relief failed

---

[3] Practice Book § 10-20 provides in relevant part: "The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain . . . on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall include the information required by General Statutes § 52-91."

[4] General Statutes § 52-91 provides in relevant part: "The first pleading on the part of the plaintiff shall be known as the complaint and shall contain . . . on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand

to specify the amount sought and the ad damnum clause was not on a separate page. The plaintiff filed an objection.

On October 5, 2009, the court, *Aurigemma, J.*, held a hearing on the motion to dismiss. On the same date, the court rendered a judgment of dismissal for the plaintiff's failure to comply with Practice Book § 10-20 and § 52-91 due to the fact that the operative complaint did not state an amount in demand and the claim for relief was not stated on a separate page. The plaintiff filed a motion for reconsideration of the court's granting of the defendant's motion to dismiss, which motion the court denied. The defendant filed a motion for judgment of dismissal, which was rendered by the court, *Prescott, J.*, to whatever extent that judgment had not previously been rendered on October 5, 2009. This appeal followed.

Following oral argument before this court, we issued an order sua sponte allowing the parties to submit simultaneous supplemental briefs addressing the following question: "Does the issue of whether a demand for relief in a complaint is inadequate because it fails to specify the amount sought and the ad damnum is not on a separate page present a question of jurisdiction, such that it is properly raised and decided by means of a motion to dismiss?" The parties thereafter filed supplemental briefs.

After reviewing the file, we conclude that the case ought not to have been dismissed without affording the

dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs. In addition, in a contract action in which only money damages are sought and in which the amount, legal interest or property in demand is less than fifteen thousand dollars, exclusive of interest and costs, the demand for relief shall also set forth whether or not the remedy sought is based upon an express or implied promise to pay a definite sum."

plaintiff the opportunity to correct the defect. Consequently, we reverse the judgment of the trial court, without reaching the other issues raised on appeal.[5]

"Defective pleadings are broken down into two categories: circumstantial defects, which are subject to correction under [General Statutes] § 52-123, and substantive defects, which are not." *State* v. *Gillespie*, 92 Conn. App. 143, 149, 884 A.2d 419 (2005). Both our case law and our legislature have expressed clear policy reasons for eschewing dismissals on technical or circumstantial grounds. Section 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." "Our Supreme Court has explained that . . . § 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer . . . in an original writ, summons, or complaint. . . . When a misnomer does not result in prejudice to a party, the defect in the writ is circumstantial error." (Internal quotation marks omitted.) *Rock Rimmon Grange # 142, Inc.* v. *The Bible Speaks Ministries,*

---

[5] In his memorandum of law in support of his motion in opposition to the defendant's motion to dismiss in the trial court, the plaintiff requested, inter alia, that the "court not countenance form over substance and uphold the legal sufficiency of [the] plaintiff's corrected revised complaint, or in the alternative, grant him leave to file an amended revised complaint." In granting the motion to dismiss, the court cited the plaintiff's failure to comply with Practice Book § 10-20 and § 52-91. Although the primary argument in the plaintiff's brief to this court seems to be that Practice Book § 10-20 and § 52-91 do not apply to subsequent pleadings such as a revised complaint, the plaintiff also argues that the court erred in granting the motion to dismiss on the basis of a perceived defect in the pleadings and that the court should have, at least alternatively, granted him leave to amend his complaint. The plaintiff, therefore, generally raised, although not with much analysis, the important issue on which we now decide the case. We invited the parties to submit supplemental briefs to give them the opportunity to provide a greater level of analysis.

*Inc.*, 92 Conn. App. 410, 414, 885 A.2d 768 (2005). "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. . . . Indeed, § 52-123 of the General Statutes protects against just such consequences, by providing that no proceeding shall be abated for circumstantial errors so long as there is sufficient notice to the parties. . . . It is our expressed policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Citation omitted; internal quotation marks omitted.) *Boyles* v. *Preston*, 68 Conn. App. 596, 603, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002). "In determining whether a defect is merely circumstantial and not substantive, courts have considered, inter alia, whether the defendant had actual notice of the institution of an action and whether the defendant was in any way misled to its prejudice." *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 391, 973 A.2d 1229 (2009).

The deficiencies in this complaint are not properly addressed by dismissing the complaint, with the concomitant inability to correct the defect, at least in the same action. In its motion to dismiss, which the court granted, the defendant claimed that the operative complaint failed to comply with the pleading requirements of Practice Book § 10-20 and § 52-91 by failing to specify an amount in demand and by failing to place the ad damnum clause on a separate page. The court erred in

granting the relief of dismissing the case, leaving no opportunity to correct the defects.

The defects here are not jurisdictional in nature. An amount in demand is no longer necessary for determining a court's jurisdiction.[6] See, e.g., Public Acts 1976, P.A. 76-436, §§ 1, 681 (abolishing Court of Common Pleas). The amount in demand, however, must be specified for purposes of determining the proper filing fee and court entry fee. See General Statutes §§ 52-257 and 52-259. Although the defects in the pleadings in this case are at odds with the rules of practice, the rules of practice do not ordinarily define subject matter jurisdiction. See *State* v. *Carey*, 222 Conn. 299, 307, 610 A.2d 1147 (1992). Rather than jurisdictional, the defects are technical or circumstantial and do not warrant dismissal of the action. Although the case is not binding,

---

[6] Some background concerning the history of the statement of the demand for relief is helpful. "At the same time that the legislature adopted a uniform court system, vesting in the Superior Court the power to entertain all actions except those in which the Probate Court had original jurisdiction; General Statutes § 51-164s; it also enacted No. 77-497 of the 1977 Public Acts, which amended General Statutes (Rev. to 1977) § 52-91 and thereby eliminated the ad damnum requirement because it was no longer needed as a basis for limiting a particular court's jurisdiction in rendering a judgment. . . . In 1982, the legislature created fact-finding and arbitration programs in civil litigation; Public Acts 1982, No. 82-441; and in 1983, the legislature again amended General Statutes (Rev. to 1983) § 52-91 to require a plaintiff to attach to the complaint a demand for relief in order to assist our trial courts in identifying cases that were eligible for the newly enacted fact-finding and arbitration programs. Public Acts 1983, No. 83-144 (P.A. 83-144). Unlike the previous ad damnum requirement, however, the statement contemplated by the amended § 52-91 does not require the plaintiff to state the exact amount being sought. To comply with the amended statute, a plaintiff need only state which of the three categories applies to the case: less than $2500; $2500 or more, but less than $15,000; or $15,000 or more. . . . These categories correspond to the eligibility requirements for the fact-finding and arbitration programs that had been created by legislation prior to P.A. 83-144. See General Statutes §§ 52-549n and 52-549u. Thereafter, the rules of practice were amended to reflect those statutory changes." (Citations omitted.) *Southington '84 Associates* v. *Silver Dollar Stores, Inc.*, 237 Conn. 758, 762–66, 678 A.2d 968 (1996).

we note that *HOCAP Corp.* v. *Planning & Zoning Commission*, Superior Court, judicial district of Fairfield, Docket No. CV-07-4020726-S (September 12, 2007), contained facts similar to those in the present case. In that case, the defendant filed a motion to dismiss the plaintiff's complaint on the ground that the plaintiff had failed to place its prayer for relief on a separate page. The court denied the motion, reasoning that the circumstantial defect did not prejudice the defendant. See also *Embalmers' Supply Co.* v. *Giannitti*, 103 Conn. App. 20, 29–30, 929 A.2d 729 (trial court denied motion requesting dismissal of case because plaintiff's amended complaint did not comply with pleading requirements of § 52-91 and Practice Book § 10-20), cert. denied, 284 Conn. 931, 934 A.2d 246 (2007).

In its supplemental brief, the defendant argues that because, as a branch of government, it is an agent of the state, and because the doctrine of sovereign immunity is a basis for granting a motion to dismiss, a motion to dismiss is the proper procedural vehicle by which to challenge the complaint. The defendant argues that while § 31-290a implies a waiver of sovereign immunity, the waiver extends only to the relief and damages enumerated in § 31-290a (b) (1). The defendant argues that, as a result, compliance with the mandatory statutory and rules of practice requirements for the contents of the complaint was jurisdictional. We do not agree. The plaintiff's complaint was within the court's subject matter jurisdiction. Although the defendant is an agent of the state, it is not immune from suit under § 31-290a. The defendant's status as an agent of the state does not cause technical or circumstantial defects—in this case, the plaintiff's failure to specify an amount in demand and failure to place the ad damnum clause on a separate page—to become jurisdictional.

We conclude that termination of the plaintiff's case is not a proper remedy for his failure to specify an

amount in demand or failure to place the ad damnum clause on a separate page.[7] The court erroneously granted the defendant's motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[7] The defendant has mentioned disciplinary rationales in its arguments. The court quite clearly, however, granted the motion to dismiss on the ground asserted in the motion: noncompliance with Practice Book § 10-20 and § 52-91.