******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NANCY BURTON *v.* COMMISSIONER OF
ENVIRONMENTAL PROTECTION ET AL.
(SC 19664)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Robinson, Js.*

*Argued October 18—officially released December 13, 2016*

*Nancy Burton*, self-represented, the appellant
(plaintiff).

*Matthew I. Levine*, assistant attorney general, with
whom, on the brief, were *George Jepsen*, attorney general, and *Michael W. Lynch*, assistant attorney general,
for the appellee (named defendant).

*Elizabeth C. Barton*, with whom were *Harold M.
Blinderman* and, on the brief, *Michael L. Miller*, for
the appellee (defendant Dominion Nuclear Connecticut, Inc.).

*Opinion*

ROGERS, C. J. The issue that we must resolve in this appeal is whether the trial court properly dismissed the complaint claiming a violation of the Connecticut Environmental Protection Act of 1971 (act), General Statutes § 22a-14 et seq., on the ground of mootness. The plaintiff, Nancy Burton, brought this action against the defendants, the Commissioner of Environmental Protection (commissioner) and Dominion Nuclear Connecticut, Inc. (Dominion), claiming that the operation of the Millstone Nuclear Power Station (Millstone), which is owned and operated by Dominion, is causing unreasonable pollution of the waters of the state in violation of the act. Thereafter, the defendants filed motions to dismiss the complaint on the ground that the plaintiff lacked standing, which the trial court granted. The plaintiff appealed from the judgment of dismissal and, in *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 792–93, 970 A.2d 640 (2009) (*Burton I*), this court reversed the judgment of dismissal. We concluded that the plaintiff had standing to bring her action under General Statutes § 22a-16[1] because she had alleged facts that would support inferences that: (1) unreasonable pollution, impairment or destruction of a natural resource would probably result from Millstone's operations; id., 804; and (2) pursuant to General Statutes § 22a-20,[2] the pending administrative permit renewal proceeding for Millstone's operation was inadequate to protect the rights recognized by the act because the hearing officer and the Department of Environmental Protection[3] (department) had not conducted the proceeding fairly and impartially. Id., 812. As the remedy, we ordered that the trial court conduct a hearing to determine whether the pending administrative proceeding was inadequate to protect the rights recognized by the act. Our decision in *Burton I* was officially released on June 2, 2009. On September 1, 2010, the administrative proceeding terminated when the commissioner issued a renewal permit for Millstone. Thereafter, the defendants filed separate motions to dismiss the plaintiff's action, contending that, because no hearing on the adequacy of the permit renewal proceeding had been conducted pursuant to this court's order in *Burton I*, and because the permit renewal proceeding had terminated, the plaintiff's action was moot. The trial court granted the motions to dismiss, and this appeal followed.[4] We reverse the judgment of the trial court.

The following undisputed facts are set forth in our opinion in *Burton I*. "Millstone is an electric generating facility that is located in Waterford and powered by two nuclear power generating units. During operation, Millstone withdraws water from Niantic Bay to cool the generating units and then discharges the water into the Long Island Sound. These activities are authorized

by a permit (discharge permit) issued by the [department] pursuant to 33 U.S.C. § 1342 and General Statutes [Rev. to 2007] § 22a-430. The department originally issued the discharge permit in 1992 to Dominion's predecessor, Northeast Nuclear Energy Company (Northeast). On June 13, 1997, Northeast submitted to the department an application for renewal of the discharge permit. After Dominion purchased Millstone on March 31, 2001, the department approved the transfer of permits and authorizations for the operation of the facility from Northeast to Dominion, including an emergency authorization that the department had issued pursuant to General Statutes § 22a-6k. The discharge permit remained in effect pending disposition of the renewal application pursuant to General Statutes [§] 4-182 (b) and [General Statutes (Rev. to 2007) §] 22a-430 (c).

"In August 2006, the department issued its tentative draft decision to renew the discharge permit." (Footnotes omitted.) Id., 793–94. Thereafter, the plaintiff brought the present action alleging that Millstone's operation was causing harm to the environment in a variety of ways, that the hearing officer assigned to the permit renewal proceeding had a conflict of interest and was biased, and that the department had prejudged the permit renewal application. Id., 796. The defendants filed motions to dismiss the action for lack of standing. Id. The trial court, treating the plaintiff's action as having been brought pursuant to § 22a-16 and General Statutes (Rev. to 2007) § 22a-19 (a),[5] concluded that the plaintiff lacked standing under those statutory provisions because the conduct that the plaintiff alleged arose out of a permitting proceeding. Id., 797. Accordingly, the trial court dismissed the plaintiff's complaint. Id.

The plaintiff appealed from the judgment of dismissal to this court. Id. We concluded that, because "the plaintiff's complaint adequately sets forth facts to support an inference that unreasonable pollution, impairment or destruction of a natural resource will probably result from Millstone's operation," she had standing to bring her complaint under § 22a-16. Id., 804. Responding to the defendants' claim that the plaintiff lacked standing because her claims were premised entirely on alleged flaws in the permitting process, we stated that "the mere fact the conduct comes within the scope of a statutory permitting scheme does not preclude a claim under the act if, as in the present case, the plaintiff makes a colorable claim that the conduct will cause unreasonable pollution." Id., 807.

We then addressed the issue of the appropriate remedy on remand. We stated that, "[if] the trial court determines that the plaintiff has not established that the hearing officer is biased or the department has prejudged the permit renewal application and that the permit renewal proceeding is adequate to protect the

rights recognized by the act, the court then will have the discretion to stay this action pending completion of the permit renewal proceeding. See *Waterbury* v. *Washington*, [260 Conn. 506, 546, 800 A.2d 1102 (2002)] ('under the . . . doctrine of primary jurisdiction, which is embodied by [General Statutes] § 22a-18 of [the act], the court has discretion, and in certain cases should refer the case, or certain aspects of it, to the administrative agency, yet retain jurisdiction for further action, if appropriate, under that section'). If, on the other hand, the trial court determines that the permit renewal proceeding is inadequate to safeguard the rights recognized by the act, the court may stay those proceedings and craft orders to ensure that those rights are adequately protected. We leave the scope of any such orders to the informed discretion of the trial court." *Burton* v. *Commissioner of Environmental Protection*, supra, 291 Conn. 813.

Our decision in *Burton I* was officially released on June 2, 2009. The plaintiff, having received an advance copy of the decision, filed a motion to stay the permit renewal proceeding on May 26, 2009. The commissioner then requested that the trial court schedule a status conference in the present case. On June 18, 2009, after the trial court, *Aurigemma, J.*, had granted the request for a status conference, the plaintiff filed a second motion to stay the permit renewal proceeding, which the trial court, *Elgo, J.*, denied. On July 29, 2009, the trial court, *Graham, J.*, conducted the status conference. Because Judge Graham had previously worked with the attorney who represented Dominion, the plaintiff requested that he recuse himself from the matter. Judge Graham denied the request to recuse himself, but indicated that he would continue the status conference so that Judge Aurigemma, who had originally scheduled the status conference and who was unavailable because she was presiding over the trial of another case, could conduct it. Judge Graham then indicated that he would inform Judge Aurigemma that he had continued the status conference and that it was his expectation that she would reschedule it for some time in August, 2009. For reasons that are unclear from the record, the status conference was never rescheduled.

Meanwhile, the plaintiff, who, in November, 2006, had intervened in the permit renewal proceeding pursuant to § 22a-19, continued to participate in that proceeding. An administrative hearing on the permit renewal was conducted over the course of eighteen days in January and February of 2009, at which the plaintiff cross-examined witnesses, offered exhibits and made objections. On February 17, 2010, the hearing officers issued a proposed final decision and a draft permit. The plaintiff filed exceptions to the proposed final decision and, on May 24, 2010, participated in a hearing before Deputy Commissioner Susan Frechette, who was charged with issuing a final decision on the permit

renewal. On September 1, 2010, Frechette issued the renewal permit. Thereafter, the plaintiff filed a timely administrative appeal from the permit renewal.

In December, 2011, the trial court, *Robaina, J.*, sua sponte, scheduled a status conference in the present case for March 6, 2012. The trial court, *Miller, J.*, subsequently granted the plaintiff's request for a continuance and, ultimately, Judge Robaina held the status conference on March 15, 2012. The plaintiff indicated at the status conference that she intended to file discovery motions within thirty days "in order to begin to meet [her] burden to establish . . . that the hearing officer is biased, and/or that the department prejudged the permit renewal application and therefore the permit renewal proceeding is inadequate to protect the rights recognized by the [act] . . . ." The defendants contended that the action should be consolidated with the plaintiff's administrative appeal, which involved many of the same issues. Judge Robaina stated that he would allow several weeks for the parties to file motions and memoranda in support of their positions.

On March 27, 2012, the department filed a motion to consolidate the administrative appeal with this action, and, on March 28, 2012, Dominion filed a similar motion. On April 13, 2012, the plaintiff filed a motion for an immediate hearing on the issue of whether the permit renewal proceeding was adequate to protect the rights recognized by the act. The defendants filed a response and objection to the plaintiff's motion in which they argued that the court should defer ruling on the motion until it ruled on the defendants' motions to consolidate and that there was no compelling reason why the matter required immediate action. The trial court, *Berger, J.*, denied the plaintiff's motion for an immediate hearing on the ground that it could not "logically take place until after a decision on the [defendants' motions] to consolidate." Thereafter, Judge Robaina granted the motions to consolidate.

On March 25, 2014, the trial court, *Scholl, J.*, conducted another status conference. The defendants contended at that hearing that the case was moot because the permit renewal proceeding had terminated. The trial court ordered the defendants to submit motions to dismiss by May 2, 2014. Thereafter, Dominion and the commissioner filed separate motions to dismiss the complaint on the ground that it was moot, and the plaintiff objected to the motions. After a hearing, the trial court, *Sheridan, J.*, granted the defendants' motions to dismiss. The court reasoned that, "[i]n light of the completion of the permit renewal proceeding more than four years ago, there is no relief the court can grant on the claim advanced in [the] plaintiff's [action] consistent with the remand of the Supreme Court. The court cannot 'compel compliance with a statutory scheme' or 'stay those proceedings and craft orders to

ensure that . . . rights are adequately protected' for permit renewal proceedings that have long since concluded." The plaintiff filed a motion for reconsideration, which Judge Sheridan denied.[6] This appeal followed.

The plaintiff contends on appeal that the trial court improperly granted the defendants' motions to dismiss because this action is not moot. We agree.

"Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." (Internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 84, 942 A.2d 345 (2008). "A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . . An issue is moot when the court can no longer grant any practical relief." (Internal quotation marks omitted.) *Taylor* v. *Zoning Board of Appeals*, 71 Conn. App. 43, 46, 800 A.2d 641 (2002).

We conclude that the present action is not moot because a controversy continues to exist between the parties and there is practical relief that the trial court can provide. Specifically, this court concluded in *Burton* v. *Commissioner of Environmental Protection*, supra, 291 Conn. 804, that the plaintiff had standing to bring her complaint pursuant to § 22a-16 because she had alleged that "unreasonable pollution, impairment or destruction of a natural resource will probably result from Millstone's operation." We further concluded that the plaintiff had standing because she had alleged pursuant to § 22a-20 that "the permit renewal proceeding is inadequate to protect the rights recognized by the act . . . because the hearing officer and the department have not conducted the proceeding fairly and impartially." Id., 812. The issuance of the renewal permit did not resolve or terminate these controversies, and they continue to exist. Moreover, if the trial court were to determine that the permit renewal proceeding was inadequate to protect against unreasonable pollution, the court would have the authority to adjudicate the plaintiff's complaint. See General Statutes § 22a-18 (c) ("[i]f the agency's consideration has not been adequate, and notwithstanding that the agency's decision is supported by competent material and substantial evidence on the whole record, the court shall adjudicate the impact of the defendant's conduct on the public trust in the air, water or other natural resources of the state"). If the court were to determine that, contrary to the commissioner's decision in the permit renewal proceeding, Millstone's operations will create pollution in excess of that permitted by the applicable statutory scheme, the court would have the authority under § 22a-16 to grant "declaratory and equitable relief . . . for the protection of the public trust in the . . . water and other natural resources of the state . . . ." See also General Statutes § 22a-18 (a) ("[t]he court may grant

temporary and permanent equitable relief, or may impose such conditions on the defendant as are required to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction"). Accordingly, we conclude that the trial court improperly granted the defendants' motions to dismiss.[7]

In support of their claim to the contrary, the defendants contend that this court's remand order in *Burton I* contemplated that the plaintiff would be entitled to relief only as long as the administrative proceeding continued to exist. Specifically, the defendants point out that this court stated in *Burton I* that the trial court would have the discretion to stay the permit renewal proceeding if it determined that that proceeding was not adequate to protect the rights recognized by the act. Because the permit renewal proceeding has terminated, they argue, there is nothing to stay. The commissioner further contends that § 22a-20 provides that an action pursuant to § 22a-16 may be brought "where *existing* administrative and regulatory procedures are found by the court to be inadequate for the protection of the rights" recognized by the act. (Emphasis added.) The commissioner contends that, when those administrative and regulatory procedures have terminated, they no longer exist and, therefore, no such action may be maintained. We disagree with both contentions.

With respect to the defendants' claim that this action is moot because there is no longer any permit renewal proceeding to stay, this court did not hold in *Burton I* that a stay of the permit renewal proceeding was the *exclusive* relief that the trial court could grant on remand. Rather, we merely held that, under the then existing circumstances, a determination as to whether either this action or the permit renewal proceeding should be stayed was an appropriate preliminary step toward the ultimate resolution of the plaintiff's claims. We expressly recognized that, if the plaintiff failed to establish that the permit renewal proceeding should be stayed because the hearing officer was biased or the department had prejudged the permit renewal application, the trial court would have "the discretion to stay this action *pending completion of the permit renewal proceeding*. See *Waterbury* v. *Washington*, supra, 260 Conn. 546 ('under the . . . doctrine of primary jurisdiction, which is embodied by § 22a-18 of [the act], the court has discretion, and in certain cases should refer the case, or certain aspects of it, to the administrative agency, *yet retain jurisdiction for further action, if appropriate, under that section*')."[8] (Emphasis added.) *Burton* v. *Commissioner of Environmental Protection*, supra, 291 Conn. 813. Thus, we expressly contemplated that, even if the trial court determined that the permit renewal proceeding should go forward, the trial court could reassert jurisdiction over the plaintiff's complaint *after the completion of that proceeding* to determine

whether further action was necessary to protect the rights recognized by the act. Thus, we anticipated that, even if the hearing was conducted fairly, the plaintiff could still claim after the conclusion of the hearing that it was "inadequate for the protection of the rights [recognized by the act]"; General Statutes § 22a-20; because, for example, the department had misinterpreted or misapplied governing environmental law, and the permit should, therefore, be invalidated.[9]

With respect to the commissioner's claim that § 22a-20 refers only to "*existing* administrative and regulatory procedures"; (emphasis added); we do not agree that the word "existing" means live or ongoing in this context. Rather, the most reasonable interpretation of the phrase "existing administrative and regulatory procedures" is that it refers to administrative and regulatory procedures that are currently authorized or required by statute or regulation. We note, for example, that § 22a-18 (b) refers to "administrative, licensing or other such proceedings [that] are required or available to determine the legality of the defendant's conduct . . . ." Indeed, as we have indicated, § 22a-18 (c) expressly authorizes the trial court to adjudicate the environmental impact of a defendant's conduct *after* an agency has issued a decision on the same issue if the court determines that the agency's consideration has not been adequate. See General Statutes § 22a-18 (c) ("[i]f the agency's consideration has not been adequate, and notwithstanding that the agency's decision is supported by competent material and substantial evidence on the whole record, the court shall adjudicate the impact of the defendant's conduct on the public trust in the air, water or other natural resources of the state").

Of course, if the administrative agency's decision is no longer operative because it has expired or has been superseded by other decisions, an action challenging the decision pursuant to § 22a-16 would be moot because judicial invalidation of the decision would have no practical effect. That is not the case here. Contrary to Dominion's claim that this action is moot because the plaintiff's claims are based upon the 1992 permit and related emergency authorizations, all of which have been superseded by the 2010 permit, the plaintiff specifically challenged the adequacy of the permit renewal proceeding that resulted in the issuance of the renewal permit in 2010 in her complaint. See *Burton* v. *Commissioner of Environmental Protection*, supra, 291 Conn. 796 (plaintiff's complaint alleged that "the hearing officer assigned to the permit renewal proceeding ha[s] a conflict of interest and [is] biased, and . . . the department has prejudged the permit renewal application and has declined to consider the environmental impact of Millstone's discharge water"). Because a determination that the renewal proceeding was inadequate to protect the rights recognized under the act could result in the invalidation of the 2010 permit under which Millstone

is currently operating, the claims are not moot.

Dominion further contends that the trial court properly dismissed this action as moot because of the plaintiff's inaction and delay. The sole basis for the trial court's ruling, however, was that this action is moot because the court could no longer provide practical relief. Neither the trial court nor the defendants relied on the provisions of Practice Book § 14-3 (a), authorizing the dismissal of an action for the plaintiff's failure to prosecute it with reasonable diligence, and this court has no authority to make a determination pursuant to that rule in the first instance. Even if we were to assume that the plaintiff has engaged in inaction and delay, the defendants have not explained how that fact, in and of itself, would prevent the trial court from providing practical relief.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Zarella, Eveleigh, McDonald and Robinson. Although Justices McDonald and Robinson were not present when the case was argued before the court, they have read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

[1] General Statutes § 22a-16 provides in relevant part: "The Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business, except that where the state is the defendant, such action shall be brought in the judicial district of Hartford, for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution . . . ."

[2] General Statutes § 22a-20 provides in relevant part: "Sections 22a-14 to 22a-20, inclusive, shall be supplementary to existing administrative and regulatory procedures provided by law and in any action maintained under said sections, the court may remand the parties to such procedures. Nothing in this section shall prevent the granting of interim equitable relief where required and for as long as is necessary to protect the rights recognized herein. Any person entitled to maintain an action under said sections may intervene as a party in all such procedures. Nothing herein shall prevent the maintenance of an action, as provided in said sections, to protect the rights recognized herein, where existing administrative and regulatory procedures are found by the court to be inadequate for the protection of the rights. . . ."

[3] In 2011, the Department of Environmental Protection became the Department of Energy and Environmental Protection. See Public Acts 2011, No. 11-80, § 1, codified at General Statutes § 22a-2d.

[4] The plaintiff appealed from the judgment of dismissal to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[5] General Statutes (Rev. to 2007) § 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting,

impairing or destroying the public trust in the air, water or other natural resources of the state."

[6] Hereinafter, all references to the trial court are to Judge Sheridan.

[7] We emphasize that, if the trial court determines that the hearing officer was biased or that the department prejudged the 1997 permit renewal application, the plaintiff is not entitled to an order that would somehow retroactively stay the permit renewal proceeding while this action is adjudicated. Contrary to the plaintiff's suggestion, our remand order in *Burton I* did not contain any mandatory language requiring that the trial court automatically conduct such a hearing and grant such a stay in the absence of any request by a party. Rather, it was the plaintiff's responsibility to request a stay. Indeed, that is exactly what the plaintiff did immediately upon learning of our decision in *Burton I*. For reasons that are not entirely clear from the record, however, after her June 18, 2009 request for a stay and a hearing was denied, the plaintiff failed to make any further request for a hearing until April 13, 2012, at which time the permit renewal proceeding had terminated. Under these circumstances, an order retroactively staying the permit renewal proceeding and invalidating the permit pending adjudication of the plaintiff's claims by the trial court would be unwarranted. Cf. 49 C.J.S., Judgments § 156 (2016) ("[R]elief by entry nunc pro tunc will not be granted where the failure to enter the judgment at the proper time was due to the party's own carelessness or negligence. So, a court should enter a nunc pro tunc judgment only when it is apparent that the delay in rendering the judgment, or a failure to enter it after its rendition, is the result of some act or delay of the court, and is not owing to any fault of the party making the application."). The only relief that is now available to the plaintiff is a determination by the trial court as to whether the permit renewal proceeding was inadequate because the department misinterpreted or misapplied the applicable environmental law and, if the hearing is determined to have been inadequate, an order of appropriate declaratory or equitable relief. To the extent that the plaintiff continues to believe that the hearing officer was biased and the department prejudged the proceeding, any such claims relating to procedural irregularities are relevant only insofar as they purport to provide an explanation for why the defendant issued a permit for activities that, according to the plaintiff, do not comply with the substantive law. Procedural irregularities would not provide the basis for a stand-alone claim.

We further emphasize that we express no opinion here regarding the extent to which the plaintiff's claims in this action are duplicative of her claims in the pending administrative appeal from the decision granting the permit renewal, which, as we have indicated, has been consolidated with this action, the effect of any such duplication or the proper procedures for litigating the consolidated case. The sole issue that is before us is whether there is practical relief that the trial court can grant in this action.

[8] The commissioner suggests that the provision of § 22a-18 (b) authorizing the trial court to retain jurisdiction over a complaint brought pursuant to § 22a-16 if it remands the parties to an administrative proceeding does not apply if an administrative proceeding is already under way when the complaint is brought and the trial court takes no action to remand the matter to the agency. We disagree. Although § 22a-18 (b) and (c) assume that, when administrative proceedings are available, the trial court will either remand the matter to the administrative agency or immediately adjudicate the complaint, the choice being in the court's discretion, we see nothing in the statute that deprives the trial court of subject matter jurisdiction merely because it fails to take either action before the termination of the administrative proceeding. Accordingly, we conclude that the court retains jurisdiction over an action pursuant to § 22a-16 as long as a controversy continues to exist and the trial court is able to provide practical relief. In any event, the effect of the failure to conduct a hearing to determine whether this action or the permit renewal proceeding should be stayed in accordance with our remand order in *Burton I* was to allow the permit renewal proceeding to proceed, which was the practical equivalent of a remand to the department.

[9] The commissioner contends that the only relief that the plaintiff has sought was a reduction in "Millstone Units 2 and 3 water intakes to 'cold shutdown' levels from April 1 through May 15, 2007," and an order "to convert Millstone to a closed cooling system by a date certain prior to 2010 . . . ." Because that relief is no longer available, the commissioner argues, the plaintiff's complaint is moot. The plaintiff also requested, however, "[s]uch other relief as is appropriate." The plaintiff's failure to specify the precise nature of such other relief is not grounds for a motion to dismiss for lack of subject matter jurisdiction. Cf. *Colon* v. *State*, 129 Conn. App.

59, 66, 19 A.3d 699 (2011) (when plaintiff fails to comply with rules of practice governing form of prayer for relief, "the defects are technical or circumstantial and do not warrant dismissal of the action").

Dominion contends that this court recognized in *Burton* v. *Dominion Nuclear Connecticut, Inc.*, 300 Conn. 542, 560–61, 23 A.3d 1176 (2011) (*Burton II*), that our decision in *Burton I* was intended only to provide a remedy during the pendency of the permit renewal proceeding. Specifically, Dominion relies on our statement in *Burton II* that "[w]e ultimately concluded in *Burton* [*I*] that the plaintiff had standing to bring an action pursuant to § 22a-16 on *regulatory* grounds, and we did not consider whether her allegations as to the effect of the contaminated and heated water on the environment, standing alone, were sufficient to support a claim of unreasonable pollution." (Emphasis in original.) Id., 561. In the present case, Dominion contends that this language supports the conclusion that the remedy in *Burton I* was intended to "ensure that [the] plaintiff's administrative and regulatory rights under [the act] were protected during the then ongoing . . . [p]ermit [r]enewal [p]roceeding." We disagree. The intent of our statement in *Burton II* was simply to recognize that the primary jurisdictional claim that this court considered in *Burton I* was the defendants' claim that, "because the plaintiff's claims are premised entirely on alleged flaws in the permitting process, she has no standing to bring an action pursuant to § 22a-16." *Burton* v. *Commissioner of Environmental Protection*, supra, 291 Conn. 805. Moreover, to the extent that this court concluded in *Burton I* that the plaintiff had adequately alleged that the claimed pollution was unreasonable within the meaning of the act, that conclusion was premised on the plaintiff's claim that the hearing officer and the department were not enforcing the substantive provisions of the existing statutory scheme; see id., 812; a claim that the plaintiff did not raise in *Burton II*.

———————————————